COMMONWEALTH *vs.* JOHN P. BRIGGS & another.

Where a conditional sentence is awarded against a convict, under Rev. Sts. *c.* 139, by which he is ordered to pay a fine within a limited time, and in default of payment to be imprisoned, and he is committed to jail, to be detained until such sentence is complied with, he is imprisoned for a fixed term by way of punishment, within the true intent of Rev. Sts. *c.* 143, § 51, and if he forcibly breaks jail, with intent to escape, or by force or violence attempts to escape therefrom, before the time limited for the payment of the fine has elapsed, he is liable to punishment for such breach or attempt.

THE defendants, John P. Briggs and Alonzo S. Chapin, were tried and found guilty by a jury, in the municipal court, at the December term, 1842, on an indictment which charged them with forcibly breaking the jail in Boston, in which they were lawfully imprisoned, and attempting, by force and violence, to escape therefrom, although no escape was effected.   The judge, being of opinion that the question of law in the case was so important and doubtful as to require the decision of this court, reported the case, so far as was necessary to present that question.   The facts of the case are stated in the opinion given by the chief justice.

*Ellis,* for the defendants.

*Austin,* (Attorney General,) for the Commonwealth.

SHAW, C. J.   The defendants are both indicted for the same offence just considered in the case of *Commonwealth* v. *Homer & Kent* (*ante,* p. 555) namely, that of breaking the jail, and attempting by force to escape, though no escape was effected. The case depends on Rev. Sts. *c.* 143, § 51, already considered.

It appears that Chapin stood committed on a warrant from the municipal court, to answer to an indictment for stealing property of small value, and failing to give bail for $100. Upon the principles already stated, he is entitled to be discharged from this indictment.

The case of Briggs stands upon a different footing. It appears that at the time of his breach of jail and attempt to escape, he was held in prison under sentence for an aggravated assault and battery. He was sentenced to pay a fine of $100, and costs, $78, and to recognize, with surety, for the term of one year, to keep the peace and be of good behavior, and if said fine and costs should not be paid in ten days, then to be confined at hard labor one year in the house of correction, and to stand committed according to said sentence. Before his removal to the house of correction, and before the expiration of the ten days, the act was done which is charged in this indictment.

This conditional sentence was well warranted by Rev. Sts. c. 139, §§ 2, 3. Section 2 provides that the court may award against an offender " a conditional sentence, and order him to pay a fine, with or without the costs of prosecution, within a limited time, to be expressed in the sentence, and in default thereof, to suffer such imprisonment as is provided by law, and awarded by the court." Section 3 provides that the person so sentenced shall be forthwith committed, " to be detained until the sentence be complied with ; and if he shall not pay the fine imposed, within the time limited, the sheriff shall cause the other part of the sentence to be executed."

This is one entire and complete sentence and judgment of the law. It neither requires nor admits any further act on the part of the court. It is a sentence to imprisonment for a term of time, determinable only by a payment within ten days. The commitment is immediate on the sentence, and the imprisonment for the ten days, unless sooner determined by payment, is as much a part of the term of imprisonment as the one year afterwards. *Wilde* v. *Commonwealth*, 2 Met. 408.

We have seen that the legislature make a marked distinction between those who are convicted and sentenced, and those who

are held for trial ; and this distinction, is no doubt, founded on good reason. Perhaps a prisoner is never more desperate, or animated by a more eager desire to effect his escape, than immediately after sentence. Before trial, he may have a confident expectation that he shall not be convicted on his trial, or that he shall escape with a light sentence. But after sentence, all hope of acquittal has deserted him, and the full measure of his punishment is before him. Take the case of an absolute, instead of a conditional sentence, the ordinary case of a convict sentenced to the state prison for life, or for a term of years. Some time must elapse, longer or shorter, according to circumstances, between the time of his sentence and his actual commitment. It is a part of the sentence that he stand committed until removed in execution of the sentence. We are strongly inclined to the opinion, (though it is not necessary to this decision, and I use it only for illustration,) that a forcible attempt to break jail and escape, after such sentence and before commitment to the state prison, would bring the convict within the provisions of this statute, and render him liable to punishment.

On the whole, the court are of opinion, that such an alternative sentence, rendering one liable by law to actual immediate imprisonment, and to continue for a fixed time, limited by the judgment, unless sooner determined by payment of a fine, is a sentence to imprisonment, by way of punishment, within the true intent of the statute ; and that a breach of the jail, with intent to escape, or an attempt by force and violence to escape, and so avoid the punishment thus awarded, as well the imprisonment as the fine, renders such convict liable to the punishment prescribed in this statute. Such being the case with the prisoner, John P. Briggs, he must be brought in to be sentenced on this conviction.